# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

SECURE SYSTEMS GROUP, INC.,

   Debtor.

Case No. 07-10206-RGM
(Chapter 11)

## MEMORANDUM OPINION AND ORDER

  THIS CASE is before the court on the applications to employ Monique D. Almy and Joel

S. Aronson as counsel for the Committee of Unsecured Creditors.  In reviewing the application,

the court is unclear as to some matters.  For example, ¶2(f) of Ms. Almy's affidavit states that

the law firm only examined the 30 largest unsecured creditors for potential conflicts.  The court

does not understand why all creditors were not examined to determine the relationship of the

proposed counsel to the debtor and the estate and does not understand how this relates to the

representation contained in ¶5 that the law firm is not associated with any of the debtor's

creditors.  If it is not so associated, the affidavit does not indicate how that was determined.

Paragraph 5 also indicates in the first sentence that "Orrick represents professionally".  It is not

clear why the limiting "professionally" was inserted, whether it was deliberate, or if it has any

meaning.  The court is concerned about the statement that the law firm has and may in the future

represent related parties in interest, including creditors and the impact of such a future

representation in this case.  There is no indication how such proposed future representation could

affect the firm's ability to continue its representation in this case.  The firm states that it had a

past relationship with Fastech Inc.  Fastech appears to be the second largest unsecured creditor

with a claim in excess of $500,000.00.  The nature of the relationship is not disclosed.

The court is concerned about the hourly rate of the proposed counsel. The affidavit states that the hourly rate is $555.00 for Ms. Almy. In addition, Mr. Aronson who is acting as local counsel states that his hourly rate is $360.00 which brings the effective rate to over $900.00 an hour. There are numerous skilled and experienced attorneys in this area who charge far less than that per hour and who do not need local counsel. Utilizing such counsel could reduce potential fees by more than 60%. The court notes further that Mr. Aronson's office is in Maryland. The application is not clear as to his intention or expectation with respect to charging for travel time. Even is Ms. Almy's employment were approved, would different local counsel who actually has a local office be more cost effective in this case?

The court notes that there has been a sale of substantially all the assets of the debtor and that there is a significant secured creditor. The court is not aware of the availability of funds to pay counsel for the unsecured creditor's committee, whether there is a carve out by the secured creditor, and if so, how much and the impact that may have on the availability of funds for other administrative claimants.

The court notes that although Ms. Almy's document is titled "Affidavit", there appears to be no jurat or unsworn statement under penalty of perjury.

The court notes that there is a request for nunc pro tunc appointment of counsel, but there is no discussion of why that is necessary or appropriate.

Because there are unanswered questions, the court will require that the matter be set for hearing. It is,

ORDERED that the proponents notice the matter for a hearing for April 24, 2007 at 11:00 a.m. Notice must be given on or before March 30, 2007.

2

Alexandria, Virginia
March 21, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Joel S. Aronson
Donald F. King
Frank J. Bove

Copy mailed to:

Monique D. Almy
3050 K Street, NW, Suite 200
Washington, DC 20007

Richard Barry
Chairperson of the Committee
L-3 Communications Corporation
10770 Wateridge Circle
San Diego, California 92121

13475